IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

IN RE:        LIVING HOPE SOUTHWEST
              MEDICAL SERVICES, LLC, Debtor

DAVID KIMBRO STEPHENS                                                    APPELLANT

v.                              Case No. 4:13-CV-04055

RENEE S. WILLIAMS                                                        APPELLEE

### OPINION AND ORDER

Appellant David Kimbro Stephens filed a notice of appeal from bankruptcy court on May 17,

2013.  Currently before the Court are the following motions and related pleadings, which are ripe

for consideration:

- Stephens's motion to expedite appeal and to schedule oral argument (Doc. 26) and
  brief in support (Doc. 27) and Appellee Renee S. Williams's response (Doc. 28), and
  Stephens's motion to strike response (Doc. 31);

- Stephens's motion to strike supplement as defamatory and scandalous (Doc. 29) and
  brief in support (Doc. 30), in which Stephens seeks to strike Williams's supplement
  to her appellee's brief (Doc. 25);

- Williams's motion to strike supplement (Doc. 33) and brief in support (Doc. 34)
  seeking to strike Stephens's third supplementation to the designation of record on
  appeal (Doc. 32), and Stephens's response in opposition (Doc. 35) and brief in
  support (Doc. 36); and

- Stephens's motion to withdraw supplement (Doc. 38), in which Stephens seeks to

-1-

withdraw his third supplementation (Doc. 32).

This appeal is also ripe for review on the merits.

Stephens's motion to withdraw supplement (Doc. 38) is GRANTED, and Stephens's third supplementation to designation of record on appeal (Doc. 32) will be stricken from the record as withdrawn. As a result, Williams's motion to strike supplement (Doc. 33) is DENIED AS MOOT.

Stephens's motions to strike resemble reply briefs in that they consist primarily of argument disputing the opposing arguments made by Williams. Furthermore, the Court does not find that any language used by Williams was so scandalous as to warrant striking portions of the objected-to filings. Stephens's motions to strike (Docs. 29 and 31) are therefore DENIED. The Court has taken into consideration the arguments made by Stephens in the filings.

Finally, the Court finds that this appeal may be decided on the parties' filings and that no hearing is necessary. The Court has also decided this appeal as expeditiously as possible given the other demands of its docket and the voluminous record in this case. Stephens's motion to expedite appeal and to schedule oral argument (Doc. 26) is therefore DENIED. The Court will now turn to the merits of the appeal.

## I.    Background

The instant matter has a long and complex litigation history involving state court, bankruptcy court, and various appeals from bankruptcy court to federal district court. The Court will attempt to state the facts and procedural history of this case relevant to the motions and issues at hand.

On July 18, 2006, Living Hope Southwest Medical Services, LLC ("LHSW") filed a petition for relief under Chapter 11 of the bankruptcy code. LHSW's Chapter 11 case was later converted to a case under Chapter 7 of the bankruptcy code on August 15, 2006, and Renee S. Williams

("Williams" or "the Trustee") was appointed as the Chapter 7 Trustee.  Appellant David Kimbro Stephens is a member of LHSW, as he owns a 1 percent interest in the company individually, with his ex-wife Daphna Alice Stephens ("Alice") owning the other 99 percent.

In February 2009, the Trustee filed several adversary proceedings ("AP") against numerous defendants related to the debtor, LHSW, including Living Hope Southeast, LLC ("LHSE")[1] and Stephens, seeking to recover pre-petition and post-petition transfers by LHSW.  The Trustee entered into a settlement agreement with several of the AP defendants, including Stephens, on May 27, 2009.  The bankruptcy court granted approval of the settlement over the objections of two unsecured creditors of LHSW, including Pinewood Enterprises, L.C. ("Pinewood").  The settlement, however, was overturned on appeal.  The parties then attempted to amend the settlement agreement.  The amended settlement was again overturned on appeal.  The adversary proceeding was administratively closed on July 19, 2011, but reopened on November 30, 2012.  The same day the proceeding was reopened, the Trustee dismissed Stephens from the AP by filing a stipulation of dismissal signed by Stephens.  The Trustee filed a motion to amend the complaint in the AP, which the bankruptcy court granted on December 3, 2012.  The Trustee then filed her third amended complaint, against LHSE only, on December 4, 2012.  As a result, the only parties remaining in the AP were the Trustee and LHSE, and the only causes of action remaining were under 11 U.S.C. § 542 to recover property of LHSW in possession of LHSE and 11 U.S.C. § 549 to recover unauthorized post-petition transfers. (Doc. 1-6).  A pre-trial hearing was held on December 18, 2012, at which the AP was set for trial on January 15, 2013.

---

[1] As the Court understands it, 99 percent of LHSE is owned by the AK Tennessee Irrevocable Trust, whose trustee is Robert Williams—Alice's father and Stephens's ex-father-in-law.  The beneficiaries of the AK Trust are Stephens, Alice, and their children.

On Sunday, January 13, 2013, Stephens filed a motion to intervene in the AP and motion for continuance of the trial. The bankruptcy court[2] heard argument on the motions prior to beginning trial of the AP, denied both motions, and then proceeded to trial on the Trustee's third amended complaint against LHSE. During the middle of opening statements, Stephens interrupted the proceedings to inform the bankruptcy court that counsel for LHSE, Jim Smith, had been terminated. Alleged representatives of LHSE informed the bankruptcy court that they did not want to proceed without an attorney. The bankruptcy court dismissed the attempt to terminate counsel, and the trial continued. Ultimately, the bankruptcy court denied the Trustee's request for a constructive trust but awarded the Trustee an unsecured claim against LHSE in the amount of $1,190,000. Stephens filed a motion for reconsideration, to alter or amend the bankruptcy court's order, and for new trial. That motion was heard and denied.

Stephens now appeals the bankruptcy court's orders denying his motions for intervention and continuance, denying the motion to reconsider and for new trial, and ultimately granting an unsecured claim to LHSW against LHSE. Stephens also attempts to appeal the bankruptcy court's dismissal of the attempt to terminate Smith as counsel and the bankruptcy court's allowance of Kimberly Woodyard to represent LHSE with Smith at the AP. The Court finds that these last two asserted issues were not properly raised by Stephens and are not properly raised before this Court.

## II.    Standard of Review

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the rulings of a bankruptcy court and may "affirm, modify, or reverse" the bankruptcy court's order

---

[2] The Honorable James G. Mixon, now deceased, United States Bankruptcy Court for the Western District of Arkansas.

-4-

"or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.  Generally, the Court examines the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *In re Food Barn Stores, Inc.*, 107 F.3d 558, 561-62 (8th Cir. 1997).  This standard was put into place to "accord[] the findings of a bankruptcy judge the same weight given the findings of a district judge under Rule 52 F.R.Civ.P." Fed. R. Bankr. P. 8013, advisory committee's notes.  The Court should, therefore, look specifically to the standard of review applied by the Eighth Circuit as to the issues raised in this case.  "[W]hether a person is entitled to intervention as a matter of right is a question of law that [the Court] review[s] de novo." *Mille Lacs Band of Chippewa Indians v. State of Minn.*, 989 F.2d 994, 998 (8th Cir. 1993).  "[The Court] review[s] the [bankruptcy] court's ruling on the timeliness of a motion to intervene, however, only for abuse of discretion." *Id*.

Stephens has requested that the Court schedule oral argument.  (Doc. 26).  "Oral argument shall be allowed in all cases unless the district judge . . . determine[s] after examination of the briefs and record . . . that oral argument is not needed." Fed. R. Bankr. P. 8012.  "Oral argument will not be allowed if (1) the appeal is frivolous; (2) the dispositive issue or set of issues has been recently authoritatively decided; or (3) the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." *Id*.  The Court finds, having examined the briefs and the record, that oral argument is not needed in this case, as the facts and legal arguments have been adequately set forth in the briefs and the record and the decisional process would not be significantly aided by oral argument.

## III.    Discussion

"On timely motion, the court *must* permit anyone to intervene who: (a) is given an unconditional right to intervene by statute; or (b) claims an interest relating to the property or

transaction that is the subject of the action, *and* is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless* existing parties adequately represent that interest." Fed. R. Civ. P. 24(a) (emphases added). Therefore, besides timely application, an applicant for intervention must show (1) that the applicant has a recognized interest in the subject matter of the litigation; (2) that the interest is one that might be impaired by the disposition of the litigation; and (3) that the interest is not adequately protected by existing parties. *United States v. Union Elec. Co.*, 64 F.3d 1152, 1160 (8th Cir. 1995). The Court finds that the bankruptcy court's denial of Stephens's motion to intervene should be affirmed for the bases stated by the bankruptcy court—that the motion was not timely and that Stephens had no protectable interest in the action.

"Whether a motion to intervene is timely is determined by considering all the circumstances of the case." *Mille Lacs Band*, 989 F.2d at 998. "In determining timeliness, factors that bear particular consideration are the reason for the proposed intervenor's delay in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." *Id*. Stephens knew of the filing of the third amended complaint at least as of early December 2012, when he actually signed a stipulation of dismissal agreeing to be dismissed as a party to the AP so that the Trustee could proceed against LHSE only. Stephens had been involved with this same AP for almost four years at that point and knew that LHSW would be seeking to recover for fraudulent post-petition transfers. If Stephens believed that his interests would be implicated in the proceeding such that he should be allowed to litigate those interests, he should not have agreed to be dismissed as a defendant. Essentially, Stephens wanted to avoid the risk of any actual liability, but still be able to

-6-

litigate his defense.  In any event, having agreed to his own dismissal in early December, and knowing the relief sought by the Trustee, Stephens should at the very least have sought to intervene as soon as possible after the third amended complaint was filed on December 4, 2012.  Instead, Stephens did not file his motion to intervene until the Sunday before the AP trial was set to begin on **January 15, 2013**.  Stephens's asserted reason for the delay—that he was attempting to work out a strategy with LHSE's counsel, Jim Smith, does not justify any delay.  Stephens asserts that he should have been allowed to intervene to protect his own interests.  Smith's representation of LHSE had nothing to do with any decision Stephens made to protect his own personal interests.  Furthermore, LHSW and LHSE would have been prejudiced by both a delay in the having the AP heard and by Stephens's unnecessary participation in a proceeding to determine a relatively uncomplicated issue between LHSW and LHSE.  It is in LHSE's best interest to move the litigation along in order to proceed with forming a reorganization plan in its own Chapter 11 proceeding. Taking into consideration the totality of the circumstances, the bankruptcy court did not abuse its discretion in finding that Stephens's motion to intervene was untimely.[3]

Apart from his motion being untimely, Stephens did not have a cognizable and legally protectable interest as contemplated by Rule 24.  To have a cognizable interest, an applicant for intervention's interest in the subject matter of the litigation must be direct (as opposed to tangential or collateral), substantial, and legally protectable.  *Union Elec. Co.*, 64 F.3d at 1161.  "The purpose of intervention is to promote the efficient and orderly use of judicial resources by allowing persons,

---

[3] Stephens, in the context of the timeliness of his motion, raises the issue of whether the third amended complaint was filed in violation of Federal Rule of Bankruptcy Procedure 4001(a)(3).  That is an issue which is not properly raised on appeal.  Rather, if LHSE believed the filing of the third amended complaint was defective, LHSE should have raised that issue before either the LHSW bankruptcy court or in its own bankruptcy proceeding.

who might otherwise have to bring a lawsuit on their own to protect their interests or vindicate their rights, to join an ongoing lawsuit instead." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 840 (8th Cir. 2009) (quotation omitted).

Stephens argued before bankruptcy court that he should have been able to intervene in the AP as a matter of right because he was a defendant in three other lawsuits stemming directly from LHSW's bankruptcy, "all containing common questions of law and facts." (Doc. 1-19, ¶ 3). Stephens asserted that "[t]he answers to these common questions of law and fact will affect the outcome of many issues between the parties by virtue of *res judicata* and *collateral estoppel*." *Id.* at ¶ 5. Although the lawsuits may share some common issues of law and fact, Stephens agreed to his voluntary dismissal from the AP, was therefore not a party to the litigation, and no issue was actually decided by the bankruptcy court that would have resulted in the application of res judicata or collateral estoppel as to Stephens in his other pending cases. The issue decided by the bankruptcy court was limited to the LHSW Trustee's claim against LHSE and did not involve making any findings that would have preclusive effect as to Stephens. Furthermore, Stephens's stipulation to his dismissal as a party to the AP is at logical odds with his later claim that he should be able to intervene in the very same proceeding as a matter of right. By stipulating to his dismissal as a party, Stephens was shielding himself from liability and at least implicitly recognizing that he did not have a stake in the proceeding that he wished to litigate. This stipulation lessens the credibility of his argument made less than two months later that he must be allowed to intervene to protect his interests.

It is clear that Stephens wanted to intervene in the AP not to safeguard any legally protectable interest, but to tell his own story on his terms. When asked by Judge Mixon at the hearing on his

motion to intervene "aren't you really saying that you want to join sides with Mr. Smith and help him defend the case?", Stephens responded, "[a]bsolutely. I have spoken to him several times about defending this case and he doesn't seem to be interested in what I have to say. And so that's why I'm here today. I do not believe he can adequately represent my interest because he has no interest in my position." (Doc. 2-28, p. 30, lines 5-12). As Judge Mixon stated to Stephens, Mr. Smith did not represent Stephens. Mr. Smith represented LHSE.

This AP was not about Stephens personally. It was about two entities as to which Stephens's characterization of his alleged involvement varies depending on the day, and Stephens has not convinced the Court that his interest in either entity was of such a nature that he should have been allowed to intervene. The very argument that Stephens makes for being allowed to intervene— essentially that the actions of either LHSW or LHSE (or both) must be construed as Stephens's own actions—is probably more likely to be harmful to his interests in any pending "piercing-the-veil" or "alter-ego" actions than a general finding made by the bankruptcy court as to post-petition transfers between LHSW and LHSE. Stephens simply wanted to get his day in court, as he repeatedly said to Judge Mixon. Stephens's day in court must, however, come in the other proceedings to which he is a party and in which he has an actual interest. The courts hearing those proceedings can adequately come to their own conclusions about Stephens's actions based on the argument and evidence presented and without being bound by any statements made by counsel or Judge Mixon in relation to the AP proceeding in the LHSW bankruptcy.[4]

---

[4] The statements of the bankruptcy court to which Stephens most strenuously objects are not binding findings as to any ultimate issue. Rather, statements to the effect that Stephens was involved in fraudulent transfers were dicta made in support of the bankruptcy court's ultimate determination and are, in fact, no more incriminating to Stephens as dicta in this Court's own prior opinion that "[t]he Debtor, LHSW, as well as LHI, have both essentially been fleeced by the Stephenses such that

Stephens had no interest in the AP between LHSW and LHSE; Stephens was not a party to the case, having stipulated to being dismissed almost two months prior to trial of the AP; and there was no risk of collateral estoppel or res judicata being imposed in other proceedings as to Stephens based on what happened in the AP.  Stephens does not get to intervene as a party in any proceeding where his actions might be discussed or he might have a personal interest in the outcome.  *See Metropolitan St. Louis Sewer Dist.*, 569 F.3d at 829 (stating that although the applicant for intervention "would certainly like to participate" in the action, "a federal case is a limited affair, and not everyone with an opinion is invited to attend" (quotation omitted)).[5]  Stephens can adequately protect his interests and vindicate his rights in the other actions pending against him or in which he is involved.  Allowing Stephens's participation in the AP would not have promoted judicial efficiency and would, instead, only have served to delay the proceedings and interject extraneous matters into the record.  Stephens's asserted interests were not direct, substantial, or legally protectable and, therefore, were insufficient to mandate his intervention as a party to the AP pursuant to Rule 24.[6]

Finally, any interests that Stephens had in the litigation were adequately represented by the

---

any recoverable assets in these underlying proceedings are being held by LHSE." *In re Living Hope Sw. Med. Servs., LLC*, 481 B.R. 485, 493 (W.D. Ark. 2012).

[5] Stephens also argues that he was a necessary party to the AP.  For the same reasons stated by the Court in finding Stephens was not entitled to intervene, Stephens was also not a necessary party to the AP pursuant to Federal Rule of Civil Procedure 19(a).

[6] This is also true of any asserted economic interest that Stephens claims to have as to LHSE.  Such an interest is tangential to the outcome of the AP proceeding.  And, in any event, a mere economic interest in the outcome of a litigation "does not rise to the level of a legally protectable interest necessary for mandatory intervention."  *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999).

existing parties.  "Typically, persons seeking intervention need only carry a minimal burden of showing that their interests are inadequately represented by the existing parties."  *Mille Lacs Band*, 989 F.2d at  999 (internal quotation omitted).  It is clear from a review of the record that Stephens failed to satisfy even this minimal burden.

Although Stephens's and LHSE's motives may have been different, both had an interest[7] in challenging LHSW's assertions that assets were fraudulently transferred post-petition from LHSW to LHSE.  Counsel for LHSE did challenge those assertions, using many of the same arguments Stephens now raises in this appeal to argue against the merits of the bankruptcy court's decision to allow LHSW a liquidated claim.  LHSE succeeded in defeating LHSW's request for imposition of a constructive trust on the assets of LHSE and in having the bankruptcy court find that there was "no proof that [LHSE] is in possession of any of [LHSW's] assets."  (Doc. 2-24, p. 1).  Counsel for LHSE also argued against LHSW getting a liquidated claim and presented evidence in favor of LHSE's position, including calling Stephens as a witness.  Stephens was allowed to present testimony in an attempt to justify or negate any alleged transfers from LHSW to LHSE.  The fact that Stephens may have wanted to pontificate differently, without the stricture of responding to questions, or that he might have wanted to present different evidence or make different objections does not mean his interests were not aligned with LHSE's and does not entitle him to intervention.  Challenges to litigation strategy are not grounds to allow for intervention. *Jenkins by Jenkins v. State of Mo.*, 78 F.3d 1270, 1275 (8th Cir. 1996) ("A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation.").

_____

[7] In making this statement, the Court is not making a finding that Stephens had a legally protectable interest.  Rather, Stephens had an interest insofar as he alleged that interest in the bankrupcty court.

-11-

Mr. Smith made strategic litigation decisions presumably in the interests of the debtor he was charged with representing—LHSE.  LHSE is not appealing the ultimate decision of the bankruptcy court, and if Stephens believes that Mr. Smith violated some duty Mr. Smith had to Stephens personally, this is not the proper forum for raising such a claim.

Permissive intervention likewise requires a timely motion.  Fed. R. Civ. P. 24(b).  The Court has already found that the bankruptcy court did not abuse its discretion in finding Stephens's motion to be untimely.  Furthermore, the Court finds no abuse of discretion in the bankruptcy's court's denial of Stephens's motion for permissive intervention.  *Stadin v. Union Electric Co.*, 309 F.2d 912 (8th Cir. 1962) (denial of permissive intervention not appealable absent abuse of discretion).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Even assuming that Stephens met one of the criteria for which permissive intervention would have been allowed under Rule 24(b), it is beyond legitimate dispute that allowing Stephens to intervene would have unduly delayed the already hopelessly protracted litigation of, at that point in time, a narrow issue that did not involve or impinge upon the rights of Stephens personally.

Much of Stephens's briefs on appeal is dedicated to complaining about Mr. Smith's representation of LHSE, including allegations of collusion and other misconduct.  Stephens claims that the bankruptcy court denied LHSE its due process rights by denying it the right to terminate its counsel at the beginning of the AP trial.  First, Stephens has no standing to appeal the bankruptcy court's decisions as to LHSE, and LHSE is not appealing any action of the bankruptcy court.  Second, an appeal to a district court is not the proper procedure for bringing any allegations of misconduct against an attorney.  Third, Mr. Smith did not represent Stephens in the AP, so Stephens

has no basis for alleging misconduct.  Fourth, the record does not indicate that Mr. Smith acted contrary to LHSE's interests, and Mr. Smith was not obligated to act in the interest of Stephens personally.

Stephens's basis for intervention was grounded in the fact that he thought he had the best information—the best story to tell about what happened during the formation of LHSE.  Stephens wanted to intervene to pontificate and to run the AP as he saw fit.  *See, e.g.*, Doc. 1-19, ¶ 6 ("Mr. Stephens is the only person that can bring clarification and understanding to the true facts and circumstances of this case."). These are not sufficient grounds for either mandatory or permissive intervention.  The bankruptcy court was right to deny Stephens's motion for intervention.  The Court further finds that there was no basis for the bankruptcy court to reconsider its order denying intervention, and the bankruptcy court's order denying Stephens's motion for reconsideration should likewise be affirmed.

Because the Court has affirmed the bankruptcy court's denial of Stephens's motion to intervene, the Court does not need to reach Stephens's challenges to the merits of the judgment and findings rendered by Judge Mixon in the AP.  It is well settled "that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Marino v. Ortiz*, 484 U.S. 301, 587 (1988).  Any remaining issues Stephens attempts to raise are not properly at issue in this appeal, as Stephens was either not the proper party to appeal such issues and/or this Court is not the proper forum to bring them.

## IV.  Conclusion

For all the reasons stated above IT IS ORDERED that Stephens's motion to withdraw supplement (Doc. 38) is GRANTED, and Stephens's third supplementation to designation of record

on appeal (Doc. 32) will be stricken from the record as withdrawn.

IT IS FURTHER ORDERED that Williams's motion to strike supplement (Doc. 33) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Stephens's motions to strike (Docs. 29 and 31) and motion to expedite appeal and to schedule oral argument (Doc. 26) are DENIED.

IT IS FURTHER ORDERED that the orders of the bankruptcy court denying Stephens's motions for intervention and continuance, and denying Stephens's motion to reconsider and for new trial are AFFIRMED, and this appeal is DISMISSED.

IT IS SO ORDERED this 10th day of July, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE